IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------  :
JOSE M. QUEZADA,                                           : CASE NO.  1:05 CV 02312
                                                           :           1:05 CR 357
                                    Petitioner,            :
                                                           : MEMORANDUM OF OPINION AND
                -vs-                                       : ORDER DENYING PETITIONER
                                                           : RELIEF UNDER 28 U.S.C. § 2255.
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
                                    Respondent.            :
---------------------------------------------------------  :

UNITED STATES DISTRICT JUDGE LESLEY WELLS


　　　　Pursuant to a written Plea Agreement ("Agreement"), petitioner Jose Quezada ("Mr. Quezada") entered a plea of guilty on 25 May 2004 to a single Count Indictment charging him with possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  (Case 1:05 CR 00357, Doc. 46).   Mr. Quezada was sentenced on 28 September 2004 to a period of 70 months imprisonment with the

Bureau of Prisons to be followed by four years of supervised release. The Petitioner did not appeal the judgment which, accordingly, became final no later than 12 October 2004.

Mr. Quezada now seeks to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The government filed an answer to Mr. Quezada's petition (Doc. 5), to which Mr. Quezada replied. (Docs. 7, 8). The issue is now ripe for consideration.

For the reasons set forth below, Mr. Quezada's petition for relief under 28 U.S.C. § 2255 will be denied.

Section 2255 permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. The movant has the burden of establishing any claim asserted in the petition. See Bowers v. Battles, 568 F.2d 1, 5 (6th Cir. 1977), cert. denied, 436 U.S. 910 (1978).

Where a constitutional error is alleged, in order to obtain relief under 28 U.S.C. § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of

due process." Riggs v. United States, 209 F.3d 828, 831 (6th Cir.), cert. denied, 531 U.S. 884 (2000). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001), cert. denied, 535 U.S. 967.

Mr. Quezada petitions the Court for relief from the imposition of his sentence as unconstitutional pursuant to the United States Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and as a manifestation of ineffective assistance of counsel. (Doc. 1). The government opposes the petition on the grounds that: (1) Mr. Quezada expressly waived his right to petition under 28 U.S.C. § 2255 in his Plea Agreement which the Petitioner cannot now resuscitate by framing his Guidelines objections as ineffective assistance of counsel; and, (2) United States v. Booker, 543 U.S. 220 (2005), which applied Blakely to the Guidelines, does not apply retroactively to cases on collateral review. (Doc. 5). In reply, Mr. Quezada reiterates his ineffective assistance of counsel claims. (Docs. 7, 8).

**Ineffective Assistance of Counsel**

Putatively, Mr. Quezada's §2255 claim rests on allegations of ineffective assistance of counsel. (Doc. 1 pp. 5-12). The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of

3

counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). In Strickland, the Supreme Court set forth a two-part test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

Id. 466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir.1985).

Mr. Quezada maintains his counsel should have filed an appeal on his behalf asserting error by the Court in its denial of his suppression motion and in the Court's upward departure during sentencing.[1] The petitioner also argues that his base level offense enhancements violated Blakely. These sentencing errors, Mr. Quezada suggests, arose due to the ineffective assistance of counsel he received from attorney Andrew J. Crites.

The Court finds that Mr. Quezada's petition for relief under section 2255 is without merit. Pursuant to the standards laid down in Strickland, the petitioner has not

---

[1] Under the terms of the Plea Agreement the parties reserved the right to address the application of upward adjustments for firearm possession, U.S.S.G. 2D1.1(b)(1), and for obstruction of justice, U.S.S.G. 3C1.1. At Mr. Quezada's sentencing, the Court imposed a three-level upward adjustment for obstruction of justice and declined to grant a two-level safety-valve reduction.

shown that his counsel's performance was prejudicial in depriving him of a fair trial. Strickland v. Washington, 466 U.S. at 687.  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In this instance, the Court does not find that Mr. Quezada's "counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.

To the contrary, the evidence before the Court suggests reasonable and timely advocacy.  Mr. Crites notified the petitioner of the deadlines for any appeal by certified mail on 30 September 2004, two days after the Court's pronounced judgment.  (Doc. 5; Exhibit A Letter from Crites to Quezada).  Further, Mr. Crites reiterated the terms of his representation: that he was not retained for an Appeal; that he required a further retainer should the Petitioner seek to have Mr. Crites represent him on Appeal; and, that the Court would appoint a Public Defender to represent Mr. Quezada's Appeal if he could not afford a private attorney.  Id.  Both the Sentencing Hearing transcript and Mr. Crites' Affidavit indicate that he did argue the holding of Blakely on behalf of his client through Sentencing Memorandum and in open court.[2]  (Doc. 52, Case 3 CR 357, Sentencing Transcript 16-21, 28; Doc. 5, Exhibit 1 Affidavit of Andrew J. Crites).  Finally, Mr. Crites' Affidavit testimony indicates that not only did Mr. Quezada choose not to

---

[2] In light of counsel's argument at sentencing, the Court, in determining Mr. Quezada's sentence, applied the Guidelines as mandatory, but announced an identical sentence in the event the U.S. Supreme Court declared the Guidelines advisory. (Sentencing Transcript at 5, 28, 30-33).  The Sixth Circuit has concluded that identical alternative sentences constitute harmless error and, accordingly, do not require resentencing under the advisory Guidelines.  See United States v Christopher, 415 F.3d 590, 592-94 (6th Cir. 2005).  As such, this Court adequately conveyed that it would impose the same sentence on Mr. Quezada in the absence of mandatory enhancements.

retain Mr. Crites' services for an Appeal, but that attorney Terry Gilbert contacted Mr. Crites regarding a possible Appeal of the petitioner's sentence.  Mr. Crites testifies to having learned from Mr. Gilbert that petitioner was seeking other legal representation for his Appeal.  (Doc. 5; Exhibit 1, ¶¶ 8-12).  In light of the Sentencing Transcripts, the memoranda record, and Mr. Crites' letter and Affidavit, the Petitioner's representations of ineffective assistance lack any credible, evidentiary foundation.   Accordingly, Mr. Quezada's claim that he received ineffective assistance of counsel fails.

### Express Waiver in Mr. Quezada's Plea Agreement

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." United States v. Fleming, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir. 1995)).  "[A] defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement."  United States v. Smith, 344 F.3d 479, 483 (6th Cir. 2003) "[W]aiver of appeal provisions in a plea agreement [may] effectively waive appeal of Booker -type violations."  United States v. Luebbert, 411 F.3d 602, 603 (6th Cir. 2005).

"When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances."  Smith, 344 F.3d at 483.  "For a plea agreement to be constitutionally valid, a defendant must have entered into the agreement knowingly and voluntarily."  Smith, 344 F.3d at 483.

6

In his Plea Agreement, Mr. Quezada expressly waived his rights under 28 U.S.C. § 2255 as follows:

> The Defendant acknowledges having been advised by counsel of his rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255.  The Defendant expressly waives those rights.  Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack regarding claims of ineffective assistance of counsel or prosecutorial misconduct.

Decisions in the Sixth Circuit have dismissed Sixth Amendment challenges to pre-Booker sentences based on this type of written appeal waiver.  For example, in Luebbert, where the appeal waiver was similar to the waiver in this case, the Court found that the appeal waiver foreclosed the petition.  Luebbert, 411 F.3d at 603.  See also U.S. v. Hensel, Slip Copy, 2007 WL 1028865 (6th Cir. 4 April 2007) (virtually identical plea agreement waiver found to bar petitioner's 28 U.S.C. § 2255 appeal for relief).

Post-Booker, the Sixth Circuit has held that "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature."  United States v. Bradley, 400 F.3d 459, 463 (6th Cir. 2005); see also United States v. Yoon, 398 F.3d 802, 808 (6th Cir. 2005).  In light of this precedent, the Plea Agreement further forecloses Mr. Quezada's' 28 U.S.C. § 2255 petition as it pertains to sentencing enhancements in a judgment finalized prior to the Booker decision.

**Non-retroactivity of Booker in Collateral Review**

Mr. Quezada does not prevail in arguing that Booker is applicable to his case. Judgment in the defendant's underlying case was rendered on 28 September 2004. (Doc. 54; Case 3 CR 357).  Pursuant to Fed. R. App. P. 4(b)(1(A) Mr. Quezada had 10 days to appeal that judgment.  The defendant's trial attorney notified him of that fact on 30 September 2004.  (Doc. 5, Exhibit A Letter from Andrew Crites).  Mr. Quezada did not appeal and, accordingly, the judgment become final before the U.S. Supreme Court rendered the Booker decision.  As Mr. Quezada's case was not on direct review by the time of the Booker decision he may only avail himself of collateral review.  Booker, 543 U.S. at 268 (limiting the applicability of its Sixth Amendment holding to all cases then pending on direct review).

In his section 2255 collateral appeal, Mr. Quezada argues that his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004), because he received sentencing enhancements under U.S.S.G. § 3C1.1 based on facts found by the Court pursuant to his Plea Agreement (Doc. 47 ¶ 12).   Mr. Quezada's Blakely claim, however, is governed by the Supreme Court's intervening decision in United States v. Booker, 543 U.S. 220, 244 (2005), which applied the Blakely reasoning to the Federal Sentencing Guidelines, determining that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. This Circuit has established the bright-line rule that Booker is not retroactively applicable to a case, such as this, on collateral review.   In Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005), the Sixth Circuit held that Booker established a new rule of

8

constitutional criminal procedure that was not dictated by existing precedent and, furthermore, does not satisfy the test for retroactivity under Teague v. Lane, 489 U.S. 288 (1989).  Thus, Booker is not retroactively applicable to cases on collateral review.  See also Lang v. United States, 474 F.3d 348, 353-55 (6th Cir. 2007).

### Rule 60(b) Motion to Set Aside Judgment

Mr. Quezada's Motion for relief pursuant to Rule 60(b) is not well taken.  (Doc. 13).  The Court first construes the defendant's motion as an attempt to overturn his criminal conviction on the authority of Fed. R. Civ. P. 60.  However, a party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings.  See Fed. R. Civ. P. 1;  United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir.1998) (per curiam) (relied upon by the Sixth Circuit Court of Appeals in United States v. Diaz, 70 Fed. Appx. 151, 2003 WL 22434557, *2-4 (6th Cir. 2003)).  Accordingly, Civil Rule 60(b) provides no authority for Mr. Quezada's motion to set aside his criminal judgment.

Secondly, construing the defendant's Rule 60(b) motion, (Doc. 13), as a petition for relief from the Court's decision on his §2255 petition, the Rule 60(b) motion is denied as premature as it is only with the instant Order that the Court will have ruled on the merits of his §2255 claim.[3]  Jinks v. Allied Signal Inc., 250 F.3d 381, 385 (6th Cir. 2001).  As such, at the time of the petitioner's Rule 60(b) motion there existed no §2255 ruling on the merits for the Court to revisit under civil Rule 60(b).

---

[3]Previously the Court denied Mr. Quezada's motion to hold his §2255 claim in abeyance (Doc. 10; Court Order 28 January 2008).  That 28 January 2008 Court Order was not predicated on the merits of the Petitioner's §2255 claim.

9

**Conclusion**

The motion, together with the files and record in this case "conclusively show that Defendant is entitled to no relief."  28 U .S.C. § 2255; see also Rule 4(b), 28 U.S.C. § 2255 Rules.  Therefore, the Court finds the motion may be resolved without an evidentiary hearing.  United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986).  Mr. Quezada's conviction and sentence are valid and his motion pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

               /s/Lesley Wells
               UNITED STATES DISTRICT JUDGE